**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 20-cr-00315-CMA-GPG-02

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ANGELA SCHMID,

 Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**
_____

This matter is before the Court on Defendant Angela Schmid's *pro se* Motion to Dismiss Indictment for Failure to State an Offense, wherein Ms. Schmid seeks dismissal of Count 1 of the Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). (Doc. # 65.) The Government filed a Response in opposition to the Motion. (Doc. # 68.) For the following reasons, the Motion is denied.

### I. ANALYSIS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which [s]he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). It need only meet "minimal constitutional standards," determined by "practical rather than technical considerations." *Id.* Generally, it is

"sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly . . . set forth all the elements necessary to constitute the offense." *Tillman v. Cook*, 215 F.3d 1116, 1132 (10th Cir. 2000).

In her Motion, Ms. Schmid argues that the Government does not sufficiently allege specific facts to put her on fair notice of the conspiracy charge against her. In particular, Ms. Schmid argues that the Government was required to include in the Indictment specific independent behaviors each defendant completed in furtherance of the conspiracy and particular kinds of evidence—i.e., "evidence establishing the defendant purchased drugs on multiple occasions for the purpose of resale, and . . . attended meetings or was privy to info[rmation] regarding the scope of the criminal conspiracy." (Doc. # 65 at 5.)

> Count 1 of the Indictment reads as follows:
>
> From a date unknown, but no later than in or about February 2020, and continuing until in or about June 2020, in the State and District of Colorado, the defendants, ADAM LIVERMORE and ANGELA SCHMID, and other persons both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree, with interdependence, to distribute and possess with the intent to distribute 50 grams and more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).
>
> At the time of said offense, the defendant ANGELA SCHMID was on pretrial release pursuant to an Order Setting Conditions of Release dated April 3, 2018, from the District Court for the District of Colorado, Case No. 18-cr-00202, which order notified said defendant of the potential effect of committing an offense while on pretrial release.
>
> All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 3147(1).

(Doc. # 1 at 1–2.)

Upon review of the Indictment, the Court finds that it alleges the time period of the conspiracy, the defendant co-conspirator involved, the location of the conspiracy, and the unlawful objective of the conspiracy—i.e., distribution and possession with intent to distribute methamphetamine. Thus, the Indictment sets forth the essential elements of the offense charged and provides Ms. Schmid with sufficient notice of the conspiracy charge against which she must defend. *Dashney*, 117 F.3d at 1205; *Tillman*, 215 F.3d at 1132.

Contrary to Ms. Schmid's assertion that the Government must allege specific co-conspirator behaviors and particular kinds of evidence in the Indictment, an indictment for conspiracy "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (internal quotation marks omitted); *see also United States v. Rosso*, 2019 WL 4397333 at *3 (N.D.Okla. 2019) (noting that drug conspiracy charges do not require proof of an overt act and "it is not necessary for the indictment to allege the specific acts engaged in by the defendant or any other co-conspirator"). Accordingly, the Court finds that the Indictment sufficiently alleges the conspiracy.

## II.     CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant Angela Schmid's Motion to Dismiss Indictment for Failure to State an Offense (Doc. # 65) is DENIED.

DATED:  June 2, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge